UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

              Plaintiff,

v.

George Roy Strong,

              Defendant.

Case No. 21-cr-80 (SRN/LIB)

**ORDER AND
REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636 and Local Rule 72.1, upon Defendant George Roy Strong's ("Defendant") various Motions for the discovery and production of evidence, [Docket Nos. 24, 25, 26, 27], as well as, Defendant's Motion to Dismiss Indictment, [Docket No. 28]; his Motion to Suppress Statements, [Docket No. 29]; and his Motion to Suppress Searches and Seizures. [Docket No. 30]. The Court held a Motions Hearing on June 22, 2021, regarding the parties' pretrial motions.[1]

For the reasons discussed herein, Defendant's Motion for Discovery and Inspection, [Docket No. 24]; his Motion to Compel Attorney for the Government to Disclose Favorable Evidence, [Docket No. 25]; and his Motion for Government Agents to Retain Rough Notes, [Docket No. 27], are **GRANTED**. Defendant's Motion for Pretrial Disclosure of Jencks Act Materials, [Docket No. 26], is **DENIED**.

Further, it is recommended that Defendant's Motion to Dismiss, [Docket No. 28], be **DENIED**; Defendant's Motion to Suppress Statements, [Docket No. 29], be **GRANTED**; and

---

[1] At the conclusion of this Motions Hearing, Defendant's Motions for the discovery and production of evidence were taken under advisement, and Defendant's dispositive Motions were taken under advisement the following day, June 23, 2021.

Defendant's Motion to Suppress Searches and Seizures, [Docket No. 30], be **DENIED without prejudice**.

I.      **Background**

Defendant is charged with two (2) counts of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6), 1151, and 1153(a). (Indictment [Docket No. 1]).

II.      **Defendant's Motion for Discovery and Inspection. [Docket No. 24].**

Defendant seeks disclosure of any written, recorded, or oral statements made by Defendant or copies thereof in the possession, custody, or control of the Government, including the body camera video of Defendant's arrest; the substance of any oral statements made by the Defendant, whether before or after arrest, which the Government intends to offer into evidence at the trial; and a copy of Defendant's prior criminal record which is known, or by the exercise of due diligence may become known, to the Government. (See, Def.'s Mot. for Discovery and Inspection [Docket No. 24]). Furthermore, Defendant requests permission to inspect and/or copy books, papers, documents, photographs, and tangible objects in the possession, custody, or control of the Government and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belonged to the Defendant.

Defendant also requests permission to inspect and copy the results of any physical or mental examinations or scientific tests or experiments, or computer forensic examinations. Pursuant to Rule 16(a)(1)(G), Defendant requests written summaries of any expert opinion the Government intends to use in its case in chief, including expert witnesses' qualifications and opinions, as well as, the basis for those opinions.

Defendant's Motion for Discovery and Inspection, [Docket No. 24], is granted as to any subsequently acquired materials or information which are specifically responsive to Rule 16, which shall be disclosed to the Defense as soon as said responsive materials are discovered by the Government and in any event no later than fourteen (14) days before trial, except with respect to expert disclosures and forensic reports which shall be made as soon as practicable and in any event no later than thirty (30) days before trial.[2]

### III. Defendant's Motion to Compel Attorney for the Government to Disclose Favorable Evidence. [Docket No. 25].

Defendant seeks disclosure of evidence favorable to him which would fall within the authority of Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and their progeny. (See, Def.'s Mot. to Compel Attorney for the Gov't to Disclose Evid. Favorable to the Def. [Docket No. 25]).

In its written response, the Government acknowledged its duty to disclose responsive materials and information under Brady, Giglio, and their progeny. The Government objects to Defendant's Motion to the extent it seeks materials beyond the requirements of Brady, Giglio, and their progeny.

To the extent it seeks materials responsive to Brady, Giglio, and their progeny, Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, [Docket No. 25], is granted, as set forth herein.[3] The Government will disclose any and all remaining and/or subsequently discovered, obtained, or obtainable material responsive to Brady to the Defense as soon as said responsive materials are discovered by the

---

[2] At the Motions Hearing, the Government made an oral request for reciprocal expert disclosures by Defendant. See, Fed. R. Civ. P. 16(b). If the Government discloses expert testimony, then Defendant shall disclose responsive expert disclosures, if any, by no later than fourteen (14) days before trial.

[3] Defendant's request for updated medical records of victims regarding any recent treatment or more precisely lack of recent treatment attributable to or arising out of the assault alleged in the Indictment is not "exculpatory." The extent of injuries inflicted upon the victims is part of the Government's burden on an element of the offense alleged in the Indictment and production of medical records covered by Docket No. 24.

Government.[4] The Government will disclose materials which are responsive to <u>Giglio</u> and related to the impeachment of the Government's witnesses to be called at trial by no later than seven (7) days before trial or when the presiding trial judge requires disclosure of trial witnesses, whichever is earlier.[5]

## IV. Defendant's Motion for Pretrial Disclosure of Jencks Act Material. [Docket No. 26].

Defendant moves the Court for an Order requiring the Government to disclose Jencks Act materials at least two weeks before trial. (<u>See</u>, Def.'s Mot. for Early Disclosure of Jencks Act Material [Docket No. 26]).

The Government objects to Defendant's motion arguing that it cannot be <u>required</u> to make pretrial disclosure of Jencks Act materials.

The Court recognizes the practical effect that disclosing Jencks Act materials only after a witness has actually testified in the Government's case-in-chief creates the prospect for unnecessary continuances and delays in the trial while the Defense is permitted a reasonable time to review the late disclosures. However, Defendant provides no citation to authority which would allow the Court to <u>require</u> early disclosure of Jencks Act material. Generally, the case law provides that the Court may not require the Government to make early disclosure of Jencks Act material. <u>See, e.g.</u>, <u>United States v. Alexander</u>, 736 F. Supp. 968, 981 (D. Minn. 1990); <u>United</u>

---

[4] The Court notes that in <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995), the United States Supreme Court "emphasized the discretion of the *prosecutor*, not the trial judge, in deciding what evidence is producible under <u>Brady</u>." <u>United States v. Garrett</u>, 238 F.3d 293, 304 n.4 (5th Cir. 2000) (emphasis added). The Sixth Circuit has also explained that "while the <u>Brady</u> rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." <u>United States v. Clark</u>, 957 F.2d 248, 251 (6th Cir. 1992). That being said, "[i]f [the Government] fails to comply adequately with a discovery order requiring it to disclose <u>Brady</u> material, it acts at its own peril." <u>Id.</u> Accordingly, the Court encourages the Government to carefully evaluate the materials in its possession in light of a liberal understanding of its <u>Brady</u> obligations.
[5] The Government's disclosure of materials responsive to <u>Giglio</u> and related to the impeachment of the Government's witnesses to be called at trial shall include the criminal history, if any, for each trial witness.

States v. White, 750 F.2d 726, 727 (8th Cir. 1984); United States v. Wilson, 102 F.3d 968, 971–72 (8th Cir. 1996).

Accordingly, Defendant's Motion for Early Disclosure of Jencks Act Material, [Docket No. 26], is denied.[6]

**V.      Defendant's Motion to Retain Rough Notes. [Docket No. 27].**

Defendant requests an Order from the Court requiring any law enforcement agent, to retain and preserve all rough notes taken as part of their investigations, whether or not the contents of such rough notes are incorporated in official records. (See, Def's Mot. for Gov't Agents to Retain Rough Notes [Docket No. 27]).

Defendant's Motion is granted regarding rough notes as to retention only at this time. If Defendant seeks production or disclosure of rough notes, he will need to bring a separate motion for such production.

**VI.      Defendant's Motion to Dismiss. [Docket No. 28].**

Defendant is charged with two (2) counts of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6), 1151, and 1153(a). (Indictment [Docket No. 1]). The Indictment alleges that Defendant assaulted two separate victims during the same incident on February 1, 2021. (Id.).

Defendant's Motion to Dismiss, [Docket No. 28], seeks to dismiss the Indictment based on Defendant's assertion that "the harms alleged [in the Indictment] are not serious bodily injuries." (Mot. to Dismiss [Docket No. 28]). Specifically, Defendant contends that neither the Indictment nor the discovery produced to date establishes that the two victims suffered any "serious bodily injury" as that phrase is statutorily defined. (Id.).

---

[6] Nevertheless, in its written response, the Government voluntarily agreed to provide all Jencks Act material to the Defense by no later than three business days before trial. The Court encourages such voluntarily agreements.

"[T]o be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he is charged." United States v. Polychron, 841 F.2d 833, 834 (8th Cir. 1988). An indictment properly states an offense if:

> It contains all of the essential elements of the offense charges, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (citations omitted). "An indictment is normally sufficient if its language tracks the statutory language." Id. (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

In the present case, Defendant is charged with two (2) counts of assault resulting in serious bodily injury in violation of 18 U.S.C § 113(a). (Indictment [Docket No. 1]). Count 1 of the Indictment alleges that "[o]n or about February 1, 2021," Defendant "did assault victim W.A.T.L. resulting in serious bodily injury, all in violation of Title 18, United States Code, Sections 113(a)(6), 1151, and 1153." (Indictment [Docket No. 1]). Similarly, Count 2 of the Indictment alleges that "[o]n or about February 1, 2021," Defendant "did assault victim T.S. resulting in serious bodily injury, all in violation of Title 18, United States Code, Sections 113(a)(6), 1151, and 1153." (Indictment [Docket No. 1]).

In relevant part, 18 U.S.C. § 1153 provides that "[a]ny Indian who commits against the person or property of another Indian . . . a felony assault under section 113 . . . within Indian country, shall be subject to the same law and penalties as all other persons committing" the same

offense, "within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153(a).[7] Title 18 U.S.C. § 113 provides that "[w]hoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:" "[a]ssault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both." 18 U.S.C. § 113(a)(6). "Serious bodily injury" is statutorily defined as "bodily injury which involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1365 (h)(3).

"The elements of the 18 U.S.C. § 113(a)(6) offense of assault resulting in serious bodily injury are (1) an intentional assault that (2) results in serious bodily injury, committed (3) by an Indian and (4) within Indian Country." United States v. Contreras, 816 F.3d 502, 508–09 (8th Cir. 2016) (quoting United States v. Stymiest, 581 F.3d 759, 766 (8th Cir. 2009)).

The language in Count 1 and Count 2 of the present Indictment, which differ in only the identity of the alleged victim, tracks the statutory language of the offenses charged. In doing so, Count 1 and Count 2 provide all of the essential elements of the offenses charged, and it fairly informs Defendant of the changes against which he must defend.

Further, the Indictment alleges that the offenses occurred on February 1, 2021 "within the exterior boundaries of the Bois Forte Indian Reservation"; that Defendant is "an Indian"; and that Defendant's alleged assault of the identified victims resulted in serious bodily injury. Thus, the Indictment not only tracks the language of the statute, but it also provides the essential elements of the offenses charged, informs Defendant of the date of the offenses, identifies the victim of each alleged offense, and alleges sufficient information such that double jeopardy attaches at the

---

[7] Title 18 U.S.C. § 1151 defines "Indian country"; the parties do not dispute that the alleged offense occurred on "Indian country" as that term is statutorily defined.

time of trial. "It cannot be said that the Indictment is so deficient that a reasonable construction of it fails to inform Defendant of the accused offense[s]." United States v. Cook, No. 11-cr-232 (DWF/LIB), 2011 WL 4916383, at *2 (D. Minn. Sept. 21, 2011), report and recommendation adopted, 2011 WL 4916377 (D. Minn. Oct. 17, 2011).

Count 1 and Count 2 are plainly sufficient. This Court has previously reached this same conclusion reviewing a substantially similar indictment. See, Cook, 2011 WL 4916383, at *2; see also, United States v. Fitzgerald, 882 F.2d 397, 399 (9th Cir. 1989) (rejecting the same argument Defendant raises in the present case).

Nevertheless, Defendant argues that the Indictment should be dismissed because "the discovery indicates only that" Defendant "kicked the man in the head and that he lost consciousness" and "the injury to the woman required four stiches to the forehead" with "concomitant bruising." (Def.'s Mot. [Docket No. 28]). Defendant argues that this lack of evidence demonstrates that the Indictment should be dismissed. Defendant's argument is unpersuasive.

Strictly speaking, Defendant does not actually argue that the Indictment is insufficient. Instead, Defendant's argument is aimed at the merits of the Government's case. The argument is not only premature at this pretrial stage, but it is misdirected when aimed at the Indictment. The Indictment alleges that the assault resulted in serious bodily injury, and when assessing the sufficiency of an indictment, "such allegations are taken as true." United States v. Prentice, 683 F. Supp. 2d 991, 1005 (D. Minn. 2010) (collecting cases).

The Government will bear the burden of production and persuasion at trial; the Government is not required to bear that burden prior to trial. If after the Government closes its evidence at trial the Defendant continues to perceive the Government's factual showing as

inadequate to meet even arguably the offense-element of "serious bodily injury" as a matter of law, then the option of making a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(a) is available to Defendant. The time to make such a motion is at trial "[a]fter the government closes its evidence or after the close of all evidence"; the time is not now well before the commencement of trial. Fed. R. Crim. P. 29(a).

Therefore, the undersigned recommends that Defendant's Motion to Dismiss, [Docket No. 28], be **DENIED**.

**VII.    Defendant's Motion to Suppress Statements. [Docket No. 29].**

Defendant's Motion to Suppress Statement, [Docket No. 29], seeks an Order of this Court suppressing statements he made at the time of his arrest. Specifically, Defendant seeks to suppress two statements he made while in handcuffs after the law enforcement officer advised Defendant of the charges for which he was arrested. Defendant argues that the officer obtained these statements in response to an "invitation to speak" by the law enforcement officer when the officer informed Defendant of the charges on which Defendant was being arrested. Defendant further argues that he was in custody for purposes of <u>Miranda</u> at the time he made the statements, but he had not been advised of his rights.[8]

After Defendant filed his Motion to Suppress Statements, [Docket No. 29], the Government filed its omnibus response to Defendant's pretrial Motions. As relevant to the present Motion, the Government asserted that Defendant's Motion should be "summarily denied as a matter of law" because the at-issue statements were "spontaneously and voluntarily made to law enforcement." (Gov't Mem., [Docket No. 31], at 8). The Government argued that the

---

[8] Defendant acknowledges that typically "a law enforcement officer is free to announce to the suspect, both before or after the invocation, the nature of the investigation"; however, Defendant argues here that the circumstances and "chaos" surrounding his arrest converted the officer's purported announcement into an "invitation to speak." (Def.'s Mot., [Docket No. 29], at 3).

statements were voluntarily and spontaneous because the officer's announcement of the charges on which Defendant was arrest did not amount to interrogation which would have required advising Defendant of his rights. (Id. at 8–9). The Government noted that "[g]iven that Defendant does not appear to contest that his statements were made voluntarily and instead argues only a legal issue without any support, the Government does not plan to call any witness to testify to the facts agreed on by both parties." (Id.).

On June 15, 2021, seven days before the previously scheduled June 22, 2021,[9] Motions Hearing on Defendant's Motion to Suppress Statements, the Government's counsel sent an unsolicited email to the undersigned's chambers noting that the Government did "not believe an evidentiary hearing [was] necessary to rule upon the motions, and" notifying the Court that "the Government [did] not request oral argument." The email concluded that "the Government does not believe that next week's Motions Hearing is necessary as the Court can rule on the parties' motions on the briefs." The following day, the Government's counsel emailed the undersigned's chambers twice more contending that a Motions Hearing was unnecessary. Defense counsel was a co-recipient of each of these email communications.

On June 18, 2021, Defense counsel, in response to the Government's messages, emailed the undersigned's chambers asserting that "[t]he defense wishes to appear next Tuesday for the motions hearing . . . ." The Government's counsel was included in this email communication. That same day, Defense counsel filed a letter, requesting an evidentiary hearing, as well as, an opportunity for oral argument on Defendant's Motions. (Def.'s Letter [Docket No. 32]).

On June 18, 2021, the Government's counsel sent another email noting that "[t]he government maintains that there's been no request (or any need) for oral argument on

---

[9] The Court scheduled the June 22, 2021, Motions Hearing in its April 27, 2021, Arraignment Order. [Docket No. 23].

[Defendant's] motions so holding one is unnecessary under the Court's own arraignment order."[10] Defense counsel was also included on this email.

On June 21, 2021, the Government's counsel sent another email informing the undersigned's chambers that she would not be attending the June 22, 2021, Motions Hearing in this case. She further informed the Court that "SAUSA Jon Holets" would be representing the Government at the Motions Hearing. In her email, she asserted that the Government was "not calling any witnesses or presenting any exhibits," and it was "therefore relying on its briefing." Defendant's counsel was again included on this email.

The Court held the Motions Hearing in the present case as scheduled on June 22, 2021. (Minutes [Docket No. 33]). During the June 22, 2021, Motions Hearing and in light of the Government written response stating that there were "facts agreed on by both parties," the Court inquired of Defendant's counsel whether Defendant's Motion to Suppress Statements, [Docket No. 30], was intended as a proffer of facts. (Transcript, [Docket No. 35], at 16–20). In response, Defense counsel stated that nothing submitted by Defendant had been intended as a proffer of facts. According to Defendant's counsel, Defendant intended the Motion to Suppress Statements to notify the Court of the statements Defendant sought to suppress and the basis for that suppression to "fram[e] the issue." (Id. at 18). Defense counsel asserted that to the extent there were "facts" in the Motion, they were gleaned from a "report" obtained in the discovery

---

[10] From the Government's communications, it appears the Government's counsel is operating under the incorrect assumption that the Arraignment Order, [Docket No. 23], in some way provides that a motions hearing will be held only if a motions hearing is requested by one of the parties. This is an incorrect reading of the Arraignment Order. [Docket No. 23]. The Arraignment Order provides that a motions hearing will be held where "[t]he Government makes timely disclosures and <u>Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary</u>; or [o]ral argument is requested by either party in its Motion, objection or response pleading." (Arraignment Order, [Docket No. 23], at 2) (emphasis added). A request for a hearing by a party is merely one of the circumstances which will lead to a motions hearing being held. The determination of whether Defendant has identified "in the motions particularized matters for which an evidentiary hearing is necessary" is a determination for the Court to make not the Government. In this case and for the reasons discussed below, the Court finds that Defendant's Motion to Suppress Statements, [Docket No. 29], identifies particularized maters for which an evidentiary hearing is necessary.

produced at that time, and he could not attest to whether or not the "facts" were "correct facts." (Id.). At the June 22, 2021, Motions Hearing, the Government declined to offer any evidence into the record or call any witnesses.

### A.  Standard of Review

"[Miranda] prohibits the government from introducing into evidence statements made by the defendant during a custodial interrogation unless the defendant has been previously advised of his [F]ifth [A]mendment privilege against self-incrimination and right to an attorney." United States v. Chipps, 410 F.3d 438, 445 (8th Cir. 2005) (citing Miranda v. Arizona, 384 U.S. 436, 444 (1966)). Miranda warnings are thus required for official interrogations where a person has been "taken into custody or otherwise deprived of his freedom of action in any significant way[.]" Stansbury v. California, 511 U.S. 318, 322 (1994) (quoting Miranda, 384 U.S. at 444). "Interrogation under Miranda includes not only express questioning but also its functional equivalent, such as 'any word or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." United States v. Hull, 419 F.3d 762, 767 (8th Cir. 2005) (quoting Rhode Island v. Innis, 466 U.S. 291, 300–01 (1980)).

A defendant is entitled to a Miranda warning prior to custodial interrogation. Miranda, 384 U.S. at 444–45. Interrogation for Miranda purposes includes "any questioning or conduct that the government officer should know is reasonably likely to elicit an incriminating response." United States v. McLaughlin, 777 F.2d 388, 390 (8th Cir. 1985). Whether an incriminating response is sought by an officer is determined "from the perspective of the suspect" and not by the officer's actual intent. United States v. Richardson, 427 F.3d 1128, 1132 (8th Cir. 2005).

A defendant may waive their rights, "provided the waiver is made voluntarily, knowingly and intelligently." Miranda, 384 U.S. at 444.

On the other hand, however, statements that are spontaneous and voluntary do not require suppression even in the absence of a Miranda warning. See, United States v. McCoy, 200 F.3d 582, 584 (8th Cir. 2000). A statement that is voluntary and is "not the product of police questioning or police action likely to produce an incriminating response" is admissible even when made without the benefit of a Miranda warning. Richardson, 427 F.3d at 1132; see, United States v. McCoy, 200 F.3d 582, 584 (8th Cir. 2000). Accordingly, "Miranda has no application to statements . . . that are voluntarily offered and not a product of either express questioning or any police practice reasonably likely to evoke an incriminating response." United States v. Griffin, 922 F.2d 1343, 1357 (8th Cir. 1990) (citations omitted). "Miranda does not protect an accused from a spontaneous admission made under circumstance not induced by the investigating officers or during a conversation not initiated by the officers." United States v. Hayes, 120 F.3d 739, 744 (8th Cir. 1997) (quoting United States v. Hawkins, 102 F.3d 973, 975 (8th Cir. 1996), cert. denied, 520 U.S. 1179 (1997)).

**B.  Analysis**

"In motions to suppress evidence, a moving party must specify the statement or evidence which is sought to be suppressed, and articulate with clarity the factual and legal basis upon which each is sought to be suppressed." United States v. Quiroz, 57 F. Supp. 2d 805, 822 (D. Minn. 1999), aff'd sub nom., United States v. Vasquez, 213 F.3d 425 (8th Cir. 2000); United States v. Edwards, 563 F. Supp. 2d 977, 994 (D. Minn. 2008) ("At the end of the day, as the moving party, at a minimum it is defendant's burden to come forth with some evidence and argument to support his position that evidence, statements or a witness identification should be

suppressed.") (citing <u>United States v. Starks</u>, 193 F.R.D. 624, 629 (D. Minn. 2000)), <u>aff'd sub nom.</u>, <u>United States v. Bowie</u>, 618 F.3d 802 (8th Cir. 2010). This initial burden on Defendant regarding the suppression of evidence parallels the standard for whether a defendant has demonstrated that an evidentiary hearing is necessary on a motion to suppress. <u>See</u>, <u>United States v. Losing</u>, 539 F.2d 1174, 1177 (8th Cir. 1976) ("Evidentiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of search [or the procurement of a statement] are in question, an evidentiary hearing is required.").

In this case, the Court finds that Defendant has satisfied his threshold burdens. Defendant specifically identifies that statements he seeks to have suppressed: his statement that he "'didn't care about it,' referring to the charges" and "his statement that he knew his brother was dealing drugs." (Def.'s Mot., [Docket No. 29], at 3). Defendant sufficiently articulates that he believes these statements were procured by law enforcement in violation of his constitutional rights as set forth in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and its progeny. (Def.'s Mot., [Docket No. 29], at 2–3). In so doing, Defendant specifically asserts that he was in custody at the time of the statements and he was not provided with any <u>Miranda</u> warning before the statements. (<u>Id.</u>). Defendant also argues that, given the circumstances surrounding his arrest, the law enforcement officer's announcement of the charges and the manner in which the law enforcement officer announced those charges constituted words or actions that law enforcement officers should have known were reasonably likely to elicit an incriminating response from Defendant. (<u>See</u>, <u>Id.</u> at 2–3).[11]

---

[11] In its written response to Defendant's Motions, the Government asserted that "Defendant appears to concede that these statements were not made in response to any interrogation, but instead argues that the announcement of charges was 'an invitation to speak.'" (Gov't Mem., [Docket No. 31], at 8). The Government's assertion here is a mischaracterization of Defendant's Motion; Defendant's Motion lacks any concession that his "statements were not

On the record now before the Court, the undersigned finds that Defendant has met his burden of demonstrating the necessity of an evidentiary hearing.[12] Similarly, on the record now before the Court, the undersigned finds that Defendant has sufficiently met his threshold burden of articulating with clarity the factual and legal basis on which each statement is sought to be suppressed. The burden to demonstrate constitutional permissibility now shift to Government.

In the present case, it is unrefuted that Defendant was not provided a <u>Miranda</u> warning and that Defendant was in custody when he made the at-issue statements. Nevertheless, the Government argues that the statements do not warrant suppression because the statements were "spontaneously and voluntarily made to law enforcement." (Gov't Mem., [Docket No. 31], at 8).

"The [G]overnment bears the burden of persuasion and must prove by a preponderance of the evidence the voluntariness of the challenged statements." <u>United States v. Aguilar</u>, 384 F.3d 520, 523 (8th Cir. 2004) (discussing the voluntariness of a defendant's statements and confession during a recorded interview); <u>see, e.g.</u>, <u>Brown v. Illinois</u>, 422 U.S. 590, 604 (1975) (placing the burden of proving admissibility of evidence, "of course, on the prosecution"); <u>United States v.</u>

---

made in response to any interrogation." (<u>See</u>, Def.'s Mot. [Docket No. 29]). Although Defendant describes the officer's announcement of the charges as an "invitation to speak" he does so after specifically noting that an "interrogation" for purposes of <u>Miranda</u> refers "not only to express questioning, but also to any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect," and he further noted that "[t]he latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police." (Def.'s Mot., [Docket No. 29], at 2–3) (quoting <u>Rhode Island v. Innis</u>, 446 U.S. 291, 301 (1980)). Defendant acknowledges that law enforcement officers are typically "free to announce to the suspect, both before or after the invocation, the nature of the investigation" or announce the charges upon which a defendant is being arrested, Defendant specifically argues that the facts and circumstances of the present case demonstrate that the officer's announcement of the charges against Defendant were "not just an announcement" but instead constitute an interrogation. (<u>See</u>, <u>Id.</u>).

[12] Even if Defendant had initially fallen short of demonstrating the necessity of an evidentiary hearing, it would still have been well within this Court's discretion to convene such a hearing. <u>See</u>, <u>United States v. Losing</u>, 539 F.2d 1174, 1178 (8th Cir. 1976); <u>United States v. Hall</u>, 171 F.3d 1133, 1142 (8th Cir. 1999) ("We review for an abuse of discretion the trial court's decision on whether to hold an evidentiary hearing"); <u>United States v. Walczak</u>, 783 F.2d 852, 857 (9th Cir. 1986) ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court."). It is for the Court to determine whether an evidentiary hearing is necessary, it is not—as the Government attempts in the present case—for the Government to unilaterally determine the need for an evidentiary hearing.

Vega, 676 F.3d 708, 718 (8th Cir. 2012). "The Government bears the burden of proving voluntariness or spontaneity by a preponderance of the evidence." United States v. Boyd, No. 1:8-cr-493-1, 2009 WL 307011, at *6 (M.D.N.C. Feb. 9, 2009) (citing United States v. Braxton, 112 F.3d 777, 781 (4th Cir. 1997) (in turn citing Lego v. Twomey, 404 U.S. 477, 789 (1972))), aff'd, 429 F. App'x 233 (4th Cir. 2011); see, e.g., United States v. Beasley, No. 1:11-cr-72, 2012 WL 1068138, at *5 (S.D. Ohio Mar. 29, 2012); United States v. Keyes, No. 12-cr-235, 2015 WL 162949, at *3 (W.D.N.Y. Jan. 13, 2015); United States v. Somerville, No. 17-cr-222, 2019 WL 1316413, at *10 (W.D. Pa. Mar. 22, 2019) ("The Government bears the burden of showing that a statement given prior to Miranda warnings is admissible.") (citing United States v. Shaird, 463 F. App'x 121, 123 (3d Cir. 2012) (in turn citing Brown v. Illinois, 422 U.S. 590, 604 (1975))); United States v. Ross, No. 17-cr-4072-LTS-1, 2018 WL 3091623, at *11 (N.D. Iowa Apr. 11, 2018) (citing United States v. Koons, No. 00-cr-3041-MWB, 2001 WL 34008498, at *8 n.1 (N.D. Iowa Apr. 26, 2001); Holman v. Kemna, 212 F.3d 413, 418–19 (8th Cir. 2000) ("constru[ing] the ambiguity in the record in favor of [the defendant to] . . . conclude that [the defendant] was subject to interrogation" (alteration in Koons)); United States v. Sepuleda-Sandoval, 729 F. Supp. 2d 1078, 1097–98 (D.S.D. 2010)), report and recommendation adopted, 2018 WL 1911344 (N.D. Iowa Apr. 23, 2018).

Despite bearing the burden of admissibility, the Government has failed to offer any evidence in support of its assertion that Defendant's statements were spontaneous and voluntary.[13] Although the Government conclusorily asserts that no Miranda warning was

---

[13] In its memorandum, the Government purported to rely on the "facts agreed on by both parties," but the Government failed to offer any evidence demonstrating that the parties had in fact agreed to any facts. (See, Gov't's Mem., [Docket No. 3.1], at 8–9). In fact, at the June 22, 2021, Motions Hearing, Defendant's counsel, upon inquiry from the Court, asserted that Defendant had not agreed to any proffer of facts, and the Government failed to offer any opposition to Defense counsel's assertion. The Government may not unilaterally determine that the parties have agreed to the "facts." To the extent the Government merely meant that it agreed to the circumstances outlined by Defendant's counsel in Defendant's memorandum, it is well established that "[a] brief is not evidence and

necessary, the Government fails to offer any evidence in support of its assertion. Instead, the Government relies solely on the proffer of its counsel. "These attorney allegations cannot provide the Court with a basis for making a finding of fact." United States v. Marquez, 367 F. Supp. 2d 600, 603 (S.D.N.Y. 2005). The Government's counsel's assertions in the Government's memorandum are not considered evidence.

The Government's decision not to produce any evidence regarding the statements challenged by Defendant represents a failure by the Government to prove by a preponderance of the evidence that Defendant's statements were voluntary and spontaneous and therefore not subject to a Miranda warning. Other Courts have reached the same conclusion under substantially similar circumstances. See, e.g., United States v. Beasley, No. 1:11-cr-72, 2012 WL 1068138, at *5 (S.D. Ohio Mar. 29, 2012); United States v. Crawford, No. 12-cr-484, 2013 WL 3449367, at *1 (E.D. Pa. July 9, 2013); see also, United States v. Limon-Soto, 115 F. App'x 417, 421 (10th Cir. Oct. 15, 2004) ("it is clear the government did not meet its burden of showing by a preponderance of the evidence that the traffic stop was reasonable within the meaning of the Fourth Amendment, because it failed to produce any evidence on the purpose or cause for the stop").

Thus, the undersigned recommends that Defendant's Motion to Suppress Statements, [Docket No. 29], be **GRANTED**.

## VIII.    Defendant's Motion to Suppress Searches and Seizures. [Docket No. 30].

Defendant's self-entitled Motion to Suppress Searches and Seizures, [Docket No. 30], "moves to suppress evidence of his arrest, occurring February 1, 2021, on the Bois Forte Indian

---

arguments are not facts." McNeal v. Martin, No. 4:05-cv-312 (CDP), 2005 WL 3079026, at *3 (E.D.Mo. Nov. 16, 2005); see, e.g., Kimmons v. AutoZone, Inc., No. 4:19-cv-00876-LPR, 2020 WL 5506446, at *4 (E.D. Ark. Sept. 11, 2020) ("Arguments of counsel in briefs are not facts."); Swanson v. Wilford, Geske, & Cook, No. 19-cv-117 (DWF/LIB), 2019 WL 4575826, at *9 (D. Minn. Aug. 30, 2019), report and recommendation adopted, 2019 WL 4573252 (D. Minn. Sept. 20, 2019).

17

Reservation." Specifically, Defendant contends that the fact of his arrest should be "suppressed" because the law enforcement officer who arrested Defendant did not observe Defendant committing a crime and the arresting officer lacked "reasonably trustworthy information" that Defendant had committed a crime. (Def.'s Mot. [Docket No. 30]).

Although Defendant describes his Motion, [Docket No. 30], as seeking to suppress evidence, Defendant's Motion, [Docket No. 30], does not seek to suppress any evidence. Defendant generally alleges that the arresting officers lacked probable cause to arrest him, but the fact of his arrest is not evidence subject to suppression.

Instead, Defendant's Motion is tantamount to an admissibility challenge under Rule 403 of the Federal Rules of Evidence. See, Fed. R. Evid. 403. Such a challenge is premature because it should be raised as a motion in limine directed to the trial judge or as a Rule 403 objection at trial, assuming the Government even seeks to offer evidence of the Defendant's arrest at the time of trial.

Therefore, the undersigned recommends that Defendant's Motion to Suppress Search and Seizures, [Docket No. 30], be **DENIED without prejudice**.

IX.    **Conclusion**

Thus, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.    Defendant's Motion for Discovery and Inspection, [Docket No. 24], is **GRANTED**, as set forth above;

2.    Defendant's Motion to Compel Attorney for the Government to Disclose Favorable Evidence, [Docket No. 25], is **GRANTED**, as set forth above;

3. Defendant's Motion for Pretrial Disclosure of Jencks Act Material, [Docket No. 26], is **DENIED**, as set forth above; and

4. Defendant's Motion for Government Agents to Retain Rough Notes, [Docket No. 27], is **GRANTED**, as set forth above.

Further, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's Motion to Dismiss, [Docket No. 28], be **DENIED**;

2. Defendant's Motion to Suppress Statements, [Docket No. 29], be **GRANTED**; and

3. Defendant's Motion to Suppress Searches and Seizures, [Docket No. 30], be **DENIED without prejudice**.

Dated: July 21, 2021                                      s/Leo I. Brisbois
                                                          Hon. Leo I. Brisbois
                                                          U.S. MAGISTRATE JUDGE

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.