UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 21-CR-80 (SRN/LIB) |
| Plaintiff, | |
| | ORDER |
| v. | |
| George Roy Strong, | |
| Defendant. | |

Emily Polachek, United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for the Government

Paul C. Engh, 650 3rd Ave. S., Ste. 260, Minneapolis, MN 55402, for Defendant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Objections [Doc. No. 41] filed by the Government to Magistrate Judge Leo I. Brisbois' July 21, 2021 Order and Report and Recommendation [Doc. Nos. 36 & 37]. As relevant here, in the R&R, Magistrate Judge Brisbois recommended that Defendant's Motion to Suppress Statements [Doc. No. 29] be granted, and in the Order, he denied the Government's request for reciprocal expert disclosures 30 days before trial, and the disclosure of rebuttal experts two weeks before trial. The Government objects, asking the Court to deny the suppression motion and require reciprocal expert disclosures 30 days before trial. For the reasons set forth below, the Government's Objections are sustained in part, and overruled as moot in part. The Court

modifies the Order, as set forth below, and respectfully vacates the R&R in part, for further proceedings, and adopts the R&R in all other respects.

I.    BACKGROUND

   A. Factual Background

Strong is charged with two counts of assault resulting in serious bodily injury, both of which are alleged to have occurred at a residence on the Bois Forte Indian Reservation in Tower, Minnesota. (Indictment [Doc. No. 1].) A Bureau of Indian Affairs (BIA) police report documenting the incident states that at approximately midnight on February 2, 2021, BIA Police Officers Chosa and Hernandez responded to reports of an assault involving Strong. (Gov't Ex. 1 (Police Report[1] [Doc. No. 45-1]) at 2.) Upon arrival, Officer Chosa observed a woman with a facial laceration and man restraining Strong, who was lying on his stomach with his hands pinned behind his back. (*Id*. at 3–4.) Officer Chosa interviewed four adults at the scene, who stated that Strong had been fighting with all of them and had punched the two victims whose injuries are alleged in the Indictment. (*Id*. at 3–5.) Three of the victims were transported to Virginia Regional Medical Center in Virginia, Minnesota, for medical treatment. (*Id*. at 5.)

After Officer Chosa handcuffed Strong and escorted him to the back seat of his police car, Strong stated that he had been attacked, "there [were] drugs being sold . . . at the

---

[1] The parties did not submit the police report as an exhibit to their underlying memoranda, nor was it offered at the motions hearing. Thus, it was not before the magistrate judge when he issued the R&R. The Court requested that the Government file the police report for purposes of ruling on the Government's instant Objections. (Sept. 3, 2021 Order [Doc. No. 44].)

residence," and he "would always defend himself." (*Id*. at 3.) Officer Chosa spoke with the witnesses, then returned to Strong and informed him that he was being arrested for "aggravated assault and domestic abuse." (*Id*. at 5.) Next, Strong made two statements that are the subject of his suppression motion: he stated that he "did not care about it," and added that he "wanted to know what [the officer] was going to do about [another person] selling drugs." (*Id*.)

Shortly thereafter, Officer Hernandez arrived. (*Id*.) The officers transferred Strong to Officer Hernandez's vehicle and advised him of his Indian Civil Rights. (*Id*.)

### B. Procedural Background

#### 1. Motions

As noted, among his pretrial motions, Strong moves to suppress the comment that he "did not care about [being arrested]" and his question about what Officer Chosa planned to do about another person selling drugs. (Def.'s Mot. to Suppress at 3–4.) Strong relies on the BIA police report for the factual background of his motion. (*Id*. at 1–2.) He argues that he made the statements prior to being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 486 (1966), and the first statement is incriminating, and the second statement suggests knowledge of drug trafficking. (*Id*. at 3–4.)

Strong acknowledges that a law enforcement officer is free to announce the nature of the investigation and charges to a suspect, both before or after the invocation of *Miranda* rights, and that such an announcement does not constitute an "interrogation." *Id.* (citing *Arizona v. Roberson*, 486 U.S. 675, 687 (1988) (providing the suspect with information about the investigation is not an interrogation); *United States v. Wipf*, 397 F.3d 677, 685 (8th Cir.

3

2005) (holding that the officer's indication to the defendant about what "the situation" was, and the nature of the "charges against him" was not an interrogation); *United States v. McGlothen*, 556 F.3d 698, 701–02 (8th Cir. 2009) (announcing the potential charges to the defendant was not an inquiry)). However, Strong argues that "[i]n the context of the chaos that evening, though, the Officer's statement to Mr. Strong as to planned charges was not just an announcement. It was, rather, an invitation to speak." (*Id*.)

In opposition to Defendant's motion, the Government contends that Strong has not identified any particularized matters that necessitate an evidentiary hearing. (Gov't's Opp'n [Doc. No. 31] at 1, 8.) By citing legal authority for the general proposition that the announcement of charges does not constitute an interrogation, the Government argues, Strong appears to concede that the two statements were not made in response to interrogation. (*Id*.) In addition, the Government states that Strong's "invitation-to-speak" argument finds no support in the law, nor does Strong cite any legal authority for the proposition. (*Id*. at 8.) It urges the Court to summarily deny Strong's motion as a matter of law, noting the Government's intention to neither call witnesses nor submit any evidence in response to the motion. (*Id*. at 8–9.)

A hearing on the parties' pretrial motions was scheduled to be held on June 22, 2021, in Duluth, Minnesota. (Second Am. Arraignment Order [Doc. No. 23].) Prior to the hearing, counsel and the magistrate judge's chambers communicated about whether an evidentiary hearing would be held. (R&R at 10.) On June 18, 2021, counsel for Defendant filed a letter requesting an evidentiary hearing. (Def.'s Letter [Doc. No. 32].) At some point before the hearing, counsel for the Government clarified with the Court that although there would be no

evidentiary hearing, the Court nevertheless wished to hold an in-person motions hearing. (Gov't's Objs. at 3) ("The Government subsequently clarified with the court that although there would be no *evidentiary* hearing—as neither party was calling witnesses or presenting exhibits—the court wished to hold the *motions* hearing in person.")  Because the Government did not plan to call any witnesses or introduce any exhibits at the motions hearing, it informed the Court that a Special Assistant United States Attorney from Duluth would be attending the hearing, but not the Government's counsel of record. (*See* R&R at 11.)

### 2. Hearing and Rulings

At the hearing, Magistrate Judge Brisbois addressed the non-dispositive pretrial motions and requests, including the Government's request for reciprocal expert disclosures 30 days before trial and the production of any expert rebuttal disclosures 14 days before trial. (June 22, 2021 Hr'g Tr. [Doc. No. 35] at 4.)  In support of its request, the Government observed that defense experts are not exclusively rebuttal witnesses, and Strong had suggested that he might affirmatively call expert witnesses to opine on the severity of the victims' injuries. (Gov't's Omnibus Response Mem. [Doc. No. 31] at 3.)  Magistrate Judge Brisbois denied the Government's request for reciprocal expert disclosures, requiring only the Government to make such disclosures 30 days before trial.  (Order at 3 n.2.)  To the extent that Defendant has any responsive expert disclosures, the magistrate judge ordered Defendant to disclose them 14 days before trial. (*Id.*)

The magistrate judge also addressed Strong's dispositive motions at the June 22 motions hearing.  In response to a question from the magistrate judge regarding whether, as a threshold matter, an evidentiary hearing was necessary on the Motion to Suppress Statements,

5

defense counsel argued that he had met his burden for an evidentiary hearing. (June 22, 2021 Hr'g Tr. at 16.) Defense counsel stated that his citations to the BIA police report in Defendant's Motion to Suppress did not amount to a stipulation to the facts set forth in the report. (*Id*. at 16–17.) Rather, he argued that he had relied on the limited information available in the police report to meet Defendant's burden of submitting sufficiently particular facts and grounds to support an evidentiary hearing on the motion, namely, that due to the "chaos" surrounding Strong's arrest, the police officer had elicited statements in violation of *Miranda*. (*See id*.) Defense counsel asserted that the burden then shifted to the Government to offer exhibits or testimony showing that Strong's statements were voluntary and spontaneous, stating, "I believe the court should hear the officer and respond to this. I mean, you're deciding a case in a vacuum without testimony." (*Id*. at 19.)

In the R&R, the magistrate judge observed that the question of whether a defendant's motion sufficiently identifies "particularized matters for which an evidentiary hearing is necessary" is a determination for the Court. (R&R at 11 n.10) (citing Arraignment Order at 2). He then found that Defendant had met his initial burden of articulating the basis for his motion and the need for an evidentiary hearing. (*Id*. at 14–15.) But because the Government had provided no evidence concerning the statements challenged by Defendant, Magistrate Judge Brisbois determined that the Government had failed to meet its burden of establishing by a preponderance of the evidence that Defendant's statements were voluntary and spontaneous. (*Id*. at 15–17.) Accordingly, he recommended that Defendant's Motion to Suppress Statements be granted. (*Id*. at 17.)

Also pending before the Court are two additional dispositive motions filed by Strong. In the R&R, Magistrate Judge Brisbois recommended that Defendant's Motion to Dismiss [Doc. No. 28] be denied, and Defendant's Motion to Suppress Searches and Seizures [Doc. No. 30] be denied without prejudice. No objections have been filed to these recommendations.

### C. Objections

In the Government's Objections to the non-dispositive ruling at issue, it argues that the Court should require reciprocal expert disclosures because not all defense experts are rebuttal experts. (Gov't's Objs. at 5–6.) With respect to the suppression motion, the Government argues that case law makes clear that informing a defendant of criminal charges does not amount to an interrogation. (*Id*. at 6) (citations omitted). It contends that Strong fails to provide any legal support for the notion that the announcement of charges "in the context of chaos" constitutes "an invitation to speak." (*Id*. at 7.) Because Strong does not satisfy the threshold requirement for establishing grounds on which to suppress his statements, the Government argues, no evidentiary hearing was necessary, and the Court should deny his suppression motion. (*Id*.)

In response to the Government's Objections, Strong urges the Court to adopt the magistrate judge's rulings and recommendations. (Def.'s Response [Doc. No. 43] at 2.)

## II. DISCUSSION

### A. Objections to Order

The standard of review for an objection to an order on a non-dispositive matter is "extremely deferential," *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D.

Minn. 1999), and the district court will affirm a magistrate judge's order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a)(3).

Under the facts here, in which defense counsel has indicated that Strong may retain an expert to affirmatively offer an opinion, the requirement for the disclosure of experts 30 days before trial should be reciprocal. (*Compare* Fed. R. Crim. P. 16(a)(1)(G) (describing Government's expert witness disclosure obligations), *with* Fed. R. Crim. P. 16(b)(1)(C) (describing defendant's analogous expert witness disclosure obligations)); *see also United States v. Forthun*, No. 16-cr-339 (MJD/FLN), 2017 WL 11483918, at *1 (D. Minn. Sept. 8, 2017) (requiring the Government to disclose experts no later than 60 days before trial, and "[t]o the degree that the obligations under the Federal Rules of Criminal Procedure and the Federal Rules of Evidence are reciprocal, this Order is reciprocal."). To the extent that either party offers expert opinions in rebuttal, such disclosures shall be made 14 days before trial. Accordingly, the July 21, 2021 Order is modified in this regard, and the Government's Objections to the Order are sustained on this basis.

### A. Objections to the R&R

The district court reviews the magistrate judge's recommendations on dispositive matters de novo, undertaking an independent analysis of those portions of the R&R to which a party objects. 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b)(3). As noted, the Government objects to the magistrate judge's determination that it failed to meet its burden of establishing that the statements in question were voluntary and spontaneous and therefore not subject to a *Miranda* warning. (Gov't's Objs. at 6–8.)

The Court first addresses the underlying issue regarding whether an evidentiary hearing was necessary. Primarily due to miscommunication, the determination that an evidentiary hearing was necessary was not made until after the June 22, 2021 motions hearing. In the R&R, the magistrate judge found that an evidentiary hearing was necessary. (R&R at 15–17.) It was well within the Court's purview to make such a determination. *See United States v. Golden*, 418 F. Supp. 3d 416, 420 (D. Minn. 2019) (stating that district court's decision regarding whether to hold an evidentiary hearing depends on the particular facts and circumstances of each case). However, having made that determination after the June 22 motions hearing, an evidentiary hearing was not subsequently convened. Consequently, as the magistrate judge observed in the R&R, the Court had no admissible evidence before it. (R&R at 16 n.13.)

Because the magistrate judge determined that an evidentiary hearing was necessary, such a hearing should be held before resolving the underlying suppression motion. *Cf. Golden*, 418 F. Supp. 3d at 421 (addressing question of whether an evidentiary hearing was necessary, and finding that it was, but noting that because the defendant was afforded an evidentiary hearing, his due process rights were not violated). Accordingly, in order to permit an evidentiary hearing, the Court respectfully vacates the portion of the R&R that recommends granting Defendant's Motion to Suppress Statements. The Government may again decline to submit any evidence at the evidentiary hearing, whether in the form of exhibits or testimony, but the procedural posture will then be clear and the Court may have the benefit of a more fulsome record. Following the hearing, the magistrate judge may entertain supplemental briefing, if he finds it would be helpful, and will issue a report and

recommendation limited to Defendant's Motion to Suppress Statements. Accordingly, because the Court vacates the portion of the R&R on Defendant's Motion to Suppress Statements, the Government's Objections to the R&R are overruled as moot.

Finally, no Objections have been filed in the time period permitted to the magistrate judge's other recommendations to deny Defendant's Motion to Dismiss and to deny without prejudice Defendant's Motion to Suppress Searches and Seizures. (R&R at 5–9; 17–19.) Having reviewed the portions of the R&R addressing these two motions, the Court agrees with the magistrate judge's recommendations, and therefore adopts the R&R as to these two motions.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Government's Objections [Doc. No. 41] are **SUSTAINED in part**, and **OVERRULED AS MOOT in part**;

2. The July 21, 2021 Order [Doc. No. 36] is **MODIFIED**, as set forth herein;

3. The R&R [Doc. No. 37] is respectfully **VACATED in part** as to Defendant's Motion to Suppress Statements in order to permit an evidentiary hearing, and is **ADOPTED in part** in all other respects;

4. Defendant's Motion to Suppress Statements [Doc. No. 29] is **DEFERRED** until an evidentiary hearing is held and a report and recommendation is issued;

5. Defendant's Motion to Dismiss [Doc. No. 28] is **DENIED**; and

6. Defendant's Motion to Suppress Searches and Seizures [Doc. No. 30] is **DENIED without prejudice**.

Dated: September 30, 2021            s/Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge